**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-7135

MICHAEL L. WARDLOW,

              Plaintiff - Appellant,

        v.

RICHARD NEELY, Superintendent; LAWRENCE PARSONS, Assist.
Superintendent; KORY DALRYMPLE, Assist. Superintendent of
Programs; DENNIS MARSHALL, Assist. Unit Mgr.; LISA MARTIN,
Captain; LIEUTENANT WHITE; JOHN DOE; TODD PINION,
Superintendent/Correctional Administrator; CHRIS BIRD,
Nurse; SAMMY HASSAN, Doctor; E. WALRATH, Nurse,

              Defendants - Appellees.

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad,
Jr., Chief District Judge. (3:11-cv-00596-RJC)

Submitted: October 11, 2012        Decided:  October 16, 2012

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael L. Wardlow, Appellant Pro Se.  Lisa Yvette Harper,
Assistant Attorney General, Raleigh, North Carolina, for
Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael L. Wardlow appeals the district court's order dismissing his 42 U.S.C. § 1983 (2006) action for failure to exhaust administrative remedies. We have reviewed the record and find no reversible error in the district court's exhaustion ruling, based on the record before it. See Fed. R. App. P. 10(a) (the record on appeal consists only of a certified copy of the docket, the transcripts of any proceedings, and the original papers and exhibits filed in the district court).[*]

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] To the extent that Wardlow's amended complaint contended that a prison guard violated the Eighth Amendment while placing Wardlow in segregation, we note that it fails to allege that the guard applied any force "maliciously and sadistically for the very purpose of causing harm" rather than "in a good-faith effort to maintain or restore discipline." Whitley v. Albers, 475 U.S. 312, 320-21 (1986) (internal quotation marks omitted); see also Hudson v. McMillian, 503 U.S. 1, 7 (1992) (noting the factors applicable to determining whether a prison official has acted with the requisitely culpable state of mind). As a result, even if Wardlow exhausted his administrative remedies as to this claim, it was nonetheless properly dismissed.

2